AO 106 (Rev. Application for Search Warrant

FILED ENTERED
LODGED RECEIVED
JUL 24 2017
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. **MJ17-305**
and Use of a Cell-Site Simulator to Locate the Cellular )
Device Assigned Call Number 425-505-1432 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A**

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

**See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1341 | Mail Fraud |
| 18 U.S.C. 1028A | Aggravated Identity Theft |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Mitchel Vanicek, United States Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 24 July 2017

_____
*Judge's signature*

City and state: Seattle, Washington    James P. Donohue, Chief United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF WASHINGTON    )
                       ) ss
COUNTY OF KING         )

I, Mitchel Vanicek, being first duly sworn on oath, depose and state:

## PURPOSE OF AFFIDAVIT

1. I make this Affidavit in support of (1) an application for a tracking warrant authorizing the United States Postal Inspection Service to receive certain cell phone GPS tracking data from AT&T and New Cingular Wireless PCS, LLC; and (2) an application for a search warrant authorizing law enforcement to employ an electronic investigative technique, which is described in Attachment B, to locate a particular telephone. Both applications pertain to the cellular telephone described in Attachment A, which bears call number **425-505-1432 ("Target Telephone")**, with service from AT&T Wireless/New Cingular Wireless PCS, LLC, and in current use by Danielle FOUBARE. FOUBARE is under indictment in this Court for mail fraud and aggravated identity theft, and there is an active warrant for her arrest on these charges. The location information sought by the above-referenced applications will assist Postal Inspectors in locating and arresting FOUBARE.

## AFFIANT BACKGROUND AND QUALIFICATIONS

2. I am a United States Postal Inspector and have been so employed since July 2004. I am therefore an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned to the Seattle Division Headquarters located in Seattle, Washington,

AFFIDAVIT OF MITCHEL VANICEK - 1
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. and have worked in this capacity since October 2009. I was previously assigned to the Anchorage, Alaska Field Office.

2. 3. My experience as a Postal Inspector includes, but is not limited to, conducting mail theft, identity theft, mail fraud, robbery, burglary, and violent crimes investigations. I have attended extensive training on investigating postal crimes and, in particular, financial crimes, fraud, and identity theft. I am a member in good standing of the International Association of Financial Crimes Investigators and the North West Fraud Investigators Association. I am trained in the seizure of computers and other electronic devices as part of an investigation, and I have experience seizing electronic devices.

3. 4. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of cooperating witnesses; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4. 5. Because this Affidavit is submitted for the limited purpose of supporting application for the requested warrants relating to the cell phone of Danielle FOUBARE, it does not set forth each and every fact that I or others have learned during the course of this investigation. Instead, I have set forth only the facts that I believe are necessary to support issuance of the requested warrants. I have not withheld any exculpatory facts from this Affidavit.

## PROBABLE CAUSE

6. I began investigating Danielle FOUBARE in September 2016. During the course of the investigation, I determined that FOUBARE was engaged in a long-running scheme to defraud, in which she would place tampered Amazon.com gift cards on retail store displays, record their unique redemption codes, and await their purchase by unsuspecting customers. Once the tampered cards were purchased, FOUBARE (who would check the balances of the cards regularly through Amazon.com) would assign the

AFFIDAVIT OF MITCHEL VANICEK - 2
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

card funds to accounts controlled by her, and use the stolen funds to purchase items from Amazon.com. FOUBARE used numerous Amazon.com accounts to accomplish this fraud, including in false or stolen names. FOUBARE stored the stolen identity informed of at least three individuals in Amazon.com accounts.

7. On June 29, 2017, FOUBARE was indicted by a Grand Jury in this district on eight counts of Mail Fraud, in violation of Title 18, United States Code, Section 1341, and three counts of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1). *See* Case No. CR17-164 RSM. On June 29, 2017, the Court issued a warrant for FOUBARE's arrest on these charges.

8. Since June 29, 2017, I have attempted to locate and arrest FOUBARE.

9. On June 30, 2017, I drove to 1927 Fall City-Carnation Road NE, Carnation, WA 98014, the last known residence of FOUBARE. I could see through the windows that the residence was empty. Previously, on April 28, 2017, when I had executed a federal search warrant at this location, I had been told by both FOUBARE's boyfriend Jeremy Banner, as well as another man living nearby on the same parcel, that FOUBARE and Banner were being evicted from the residence and had to leave by the end of May 2017.

10. Later on June 30, 2017, I went to the home of FOUBARE's mother at 8511 381st Place SE, Snoqualmie, WA 98065, which was also a previous residence for Danielle FOUBARE. I was unable to locate FOUBARE there.

11. On July 3, 2017, I visited Jeremy BANNER at his place of work. Banner told me that he and FOUBARE had no residence and were "couch surfing." I gave Banner my business card and he agreed to give the card to FOUBARE.

12. On July 5, 2017, Danielle FOUBARE called my office number. My office caller identification showed the number she called from as 425-505-1432—the Target Telephone.

13. On July 6, 2017, I returned to FOUBARE's mother's home at 8511 381st Place SE, Snoqualmie, WA 98056. When I arrived, the front door was open and I could

AFFIDAVIT OF MITCHEL VANICEK - 3
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

hear noises consistent with someone being present. I rang the doorbell several times and knocked. Nobody came to the door and I left.

14. On July 6, 2017, I telephoned dialed the number of the Target Telephone and spoke with Danielle FOUBARE. I did not inform FOUBARE of the existence of the arrest warrant. I arranged to meet her at my Seattle office the next day, July 7, 2017, ostensibly so she could pick up certain property seized during the search of her home in April 2017. However, FOUBARE did not show up that day as planned. I emailed FOUBARE at "dfoubare@live.com" later that day asking if she wished to pick up her property, but received no response.

15. On July 13, 2017, I called the Target Telephone again and heard FOUBARE's voice answer. When I spoke, the person on the phone hung up.

16. On July 13, 2017, I used the entered the number of the Target Telephone in the law enforcement data base known as "CLEAR." CLEAR showed the operating company for the Target Telephone as New Cingular Wireless PCS, LLC. CLEAR also showed New Cingular Wireless PCS, LLC as an affiliate of AT&T Wireless. CLEAR showed the name of the account holder as simply "Wireless Caller."

17. On July 16, 2017, FOUBARE emailed me indicating that she intended to pick up her property at my Seattle office. I asked her to come the next day, but she failed to show up.

18. On July 21, 2017, knowing that she had a court appearance scheduled at Issaquah Municipal Court at 9:00am, I visited that courthouse in the hopes of finding FOUBARE. However, she failed to appear.

**MANNER OF EXECUTION**

19. Through my training and experience, I know that cellular telephones and other devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique

AFFIDAVIT OF MITCHEL VANICEK - 4
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identifiers. The identifiers include, but are not limited to, the International Mobile Subscriber Identification Number (IMSI), and the International Mobile Equipment Identity (IMEI).

20. To facilitate execution of the requested search warrant, law enforcement may use an investigative device known as a cell site simulator. This device is capable of broadcasting signals that will be received by the Target Telephone or receiving signals from nearby cellular devices, including the Target Telephone. This cell site simulator may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Telephone and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Telephone and use that information to determine the Target Telephone's location, even if it is located inside a house, apartment, or other building.

21. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Telephone, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Telephone, and law enforcement will limit collection of information from devices other than the Target Telephone. To the extent that any information from a cellular device other than the Target Telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Telephone from all other cellular devices.

AFFIDAVIT OF MITCHEL VANICEK - 5
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the tracking warrant and cell-site simulator search warrant for the Target Telephone pursuant to Federal Rule of Criminal Procedure 41.

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephone would likely jeopardize my ongoing efforts to locate FOUBARE, by giving her the opportunity to change her telephone number or flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours. In particular, based on my training and experience, I know that the optimum time to locate a particular cellular telephone is during the nighttime hours, when its user is likely to be at rest and/or asleep inside a dwelling.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing effort to locate FOUBARE. Accordingly, there is good cause to seal these documents because their premature disclosure of the warrants requested may seriously jeopardize those location efforts.

## CONCLUSION

26. Based on the foregoing, I respectfully submit that there is probable cause to believe that the Target Telephone is used by FOUBARE, and that location of the Target Telephone will aid in locating FOUBARE, for whom there is an active warrant for arrest

AFFIDAVIT OF MITCHEL VANICEK - 6
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

issued by this Court for violations of Title 18, United States Code, Sections 1341 and 1028A.

_____
MITCHEL VANICEK
United States Postal Inspector

Subscribed and sworn to before me this 24 day of July, 2017.

_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

AFFIDAVIT OF MITCHEL VANICEK - 7
USAO 2017R00202

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970